THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, *v.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Appellant.

First Department, May 29, 1930.

*Bertrand L. Pettigrew* of counsel [*Pettigrew & Glenney,* attorneys], for the appellant.

*Edwin A. Jones* of counsel [*Nadal, Jones & Mowton,* attorneys], for the respondent.

SHERMAN, J. Plaintiff sues defendant to recover its alleged proportionate share of the amount paid by plaintiff in settlement of claims made against it by the Northern States Power Company, its assured. Plaintiff declares upon the defendant's reinsurance policy, asserting liability by reason of payments made in settlement of various claims, growing out of the explosion or breaking of a steam turbine.

In addition to denials, defendant avers that under the reinsurance policy it had the right to be associated with plaintiff in the control or defense of any claim or legal proceeding under the policy, and that it was denied such right. As part of this defense, defendant pleads provisions of the insurance policy issued by plaintiff to the Northern States Power Company and also facts claimed to indicate, either no liability as to certain injured persons on whose account payments were made, or the payment by plaintiff of larger amounts than were justified. The inference from the pleading is that if defendant had been allowed a voice in the settlement such amounts would not have been paid.

This affirmative defense is pleaded both as a complete and a partial defense. Plaintiff's motion, successful below, was to strike out virtually all of the defense except the bare allegation that defendant was denied its right of participation in the defense of claims.

The new matter in the answer sets up but one defense, which may either defeat plaintiff's cause of action or diminish the amount of its recovery at trial.

The facts pleaded may become admissible at trial. Nor does the fact that they may be in large part provable under the general denial require that they be eliminated from the affirmative defense.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike out denied, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.